UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Number 06-049 (RMU) |
| | : | |
| | : | VIOLATIONS: |
| | : | |
| | : | Count One: |
| | : | 18 U.S.C. § 371 |
| | : | (Conspiracy) |
| | : | |
| | : | Count Two: |
| v. | : | 18 U.S.C. § 1952(a)(3) |
| | : | (Use of Interstate Facilities to Promote |
| | : | Bribery) |
| | : | |
| | : | Count Three: |
| | : | 2 U.S.C. §§ 441f and 437g(d)(1)(D) |
| | : | (Election Fraud) |
| | : | |
| **MITCHELL J. WADE,** | : | Count Four: |
| | : | 18 U.S.C. § 371 |
| **Defendant** | : | (Conspiracy) |

**GOVERNMENT'S MEMORANDUM REGARDING GUILTY PLEA**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia. hereby files this Memorandum Regarding Guilty Plea., which contains the elements of the offenses to which the defendant will be pleading guilty.

The defendant will be pleading guilty to two counts of Conspiracy, one count of Use of Interstate Facilities to Promote Bribery, and one count of Election Fraud. This memorandum lists the elements not only of these offenses, but also the offenses that are the objects of the two conspiracy charges.

## The Offenses

### Conspiracy

1. The conspiracy, agreement, or understanding to [commit the charged offenses], as described in the information, was formed, reached, or entered into by two or more persons;

2. At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose(s) of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement, or understanding; and

3. At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment and did so in order to further or advance the purpose of the agreement.[1]

### Use of Interstate Facilities to Promote Bribery

1. The defendant used a facility of interstate commerce;

2. The defendant used such facility with the intention to promote, manage, establish or carry on the activity described in Count One of the information;

3. The activity described in the information was illegal under the bribery laws of the United States; and

4. After the use of a facility in interstate commerce, the defendant knowingly and deliberately, did an act, or attempted to do an act, in order to promote, manage, establish, or carry on the activity described in Count One of the information.[2]

---

[1] Adapted from O'Malley et al., *Federal Jury Practice and Instructions*, (5th ed. 2000), at § 31.03.

[2] Adapted from O'Malley et al., *Federal Jury Practice and Instructions*, (5th ed. 2000), at § 54.03.

Election Fraud (Making Contributions in the Name of Another)

1. The defendant made one or more contributions to a candidate for federal office, that is, to a candidate for the United States House of Representatives, the United States Senate, or the United States Presidency or Vice Presidency;[3]

2. The defendant made such contribution(s) in the name(s) of one or more persons other than himself;[4]

3. The defendant acted "knowingly and willfully," that is, that the defendant was aware that the law prohibited making contributions in the names of other persons and that he violated this prohibition notwithstanding that knowledge;[5] and

4. The aggregate amount of money involved in the crime was $25,000 or more in a calendar year;[6]

## Objects of the Conspiracies

### Bribery

1. The defendant gave, offered, or promised something of value to Congressman Cunningham as described in the information;

2. Congressman Cunningham was, at that time, an official of the United States or was acting on behalf of the United States; and

3. The defendant made the gift, offer, or promise corruptly with the intent to influence an

---

[3] 2 U.S.C. § 441f.

[4] 2 U.S.C. § 441f.

[5] 2 U.S.C. § 437g(d)(1)(A), as amended by the Bipartisan Campaign Reform Act of 2002.

[6] 2 U.S.C. § 437g(d)(1)(A)(i).

official act.[7]

Tax Evasion

1. A substantial income tax was due from Congressman Cunningham;

2. The defendant joined a conspiracy that attempted to evade or defeat this tax as detailed in the information; and

3. In joining a conspiracy to attempt to evade or defeat such tax, the defendant acted willfully.[8]

Honest Services Mail and Wire Fraud

1. The defendant knowingly participated in a scheme to fraudulently deprive another of the intangible right of honest services;[9]

2. The scheme was material;

3. The defendant did so with the intent to defraud;

4. In advancing or furthering or carrying out this scheme, the defendant caused the [mails or interstate wires] to be used.[10]

---

[7] Adapted from O'Malley et al., *Federal Jury Practice and Instructions*, (5th ed. 2000), at § 27.03.

[8] Adapted from O'Malley et al., *Federal Jury Practice and Instructions*, (5th ed. 2000), at § 67.03.

[9] "[U]ndisclosed, biased decision making for personal gain, whether or not tangible loss to the public is shown, constitutes a deprivation of honest services." *United States v. Sawyer,* 85 F.3d 713, 724 (1st Cir. 1996). "[T]o prove the intent to commit honest services fraud," the government must show that a provider of gifts to government officials "intended to influence or otherwise improperly affect the official's performance of duties..." *Id.* at 729.

[10] Adapted from O'Malley et al., *Federal Jury Practice and Instructions*, (5th ed. 2000), at § 47.03.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____

HOWARD R. SKLAMBERG
JOHN P. CARLIN
Assistant United States Attorneys
555 4th Street, N.W., Room 5822
Washington, DC 20530

Certificate of Service

I hereby certify that, on February 23rd, 2006, I caused this memorandum to be served upon Howard Shapiro, Esq., and Ronald Machen, Esq,. by electronic mail.

_____

HOWARD R.. SKLAMBERG
Assistant United States Attorney

5