

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

February 21, 2006

**FILED**

FEB 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Howard M. Shapiro, Esq.
Ronald C. Machen, Esq.
Wilmer Cutler Pickering Hale and Dorr, LLP
2445 M Street, N.W.
Washington, D.C. 20037

Re:  United States v. Mitchell J. Wade
     CR 06-49

Dear Mr. Shapiro and Mr. Machen:

This letter sets forth the full and complete plea offer to your client, Mr. Mitchell J. Wade. This plea offer will expire on February 25, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Mr. Wade agrees to plead guilty to all four counts in the attached Information. Specifically, Mr. Wade agrees to plead guilty to: one count of Conspiracy, in violation of 18 U.S.C. § 371; one count of Use of Interstate Facilities to Promote Bribery, in violation of 18 U.S.C. § 1952(a)(3); one count of Election Fraud, in violation of 2 U.S.C. §§ 441f and 437g(d)(1)(D); and another count of Conspiracy, in violation of 18 U.S.C. § 371. It is understood that the guilty plea will be based on the attached Statement of Offenses and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

2. **Potential penalties, assessments, and restitution:** Mr. Wade understands that the maximum term of imprisonment and fine that can be imposed for each count is as follows: for Counts One, Two and Four, five years of imprisonment for each count and a fine of $250,000, or a fine of twice the pecuniary gain or loss for each count (18 U.S.C. § 3571); for Count Three, five years of imprisonment and a fine of no less than 300% of the amount involved in the violation and no more than 1,000% of the amount involved in the violation (2 U.S.C. § 437g(d)(1)(D)). For each count, there is a special assessment of $100 and the maximum period of supervised release is three years. Notwithstanding the maximum sentence, Mr. Wade understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2004) (hereinafter "Sentencing Guidelines"). Mr. Wade understands that this sentence, including the applicable Sentencing Guideline ranges, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Mr. Wade further understands that if the Court imposes a sentence that is in any way unsatisfactory

to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Wade's right to appeal an unlawful or unreasonable sentence or to appeal the District Court's application of the Sentencing Guidelines.

3.  **Federal Sentencing Guidelines:** The parties agree that the following are correct applications of the Sentencing Guidelines:

Counts One, Two, and Four

a) The appropriate guideline for Counts One, Two, and Four is § 2C1.1. Under the principles of § 3D1.2, Counts One, Two, and Four group with each other.

b) The following offense characteristics apply to Counts One, Two, and Four:

| | | |
|---|---|---|
| 2C1.1(a)(2) | Base Offense Level | 12 |
| 2C1.1(b)(2) | Total payments of $1 million to $2.5 million | 16 |
| 2C1.1(b)(1) | More than one bribe | 2 |
| 2C1.1(b)(3) | Offense involving an elected official | 4 |

c) No other offense characteristics, cross references, or adjustments for role in the offense apply to Counts One, Two, and Four.[1]

Count Three

a) The appropriate guideline for Count Three is § 2C1.8.

b) The following offense characteristics apply to Count Three:

| | | |
|---|---|---|
| 2C1.8(a) | Base Offense Level | 8 |
| 2C1.8(b)(1) | Total loss of $70,000 to $120,000 | 8 |

---

[1] The tax object of the conspiracy does not affect the overall offense level for Count One. Under the principles of § 3D1.2, the tax object of the conspiracy does not group with the bribery and honest services wire and mail fraud objects. The guideline calculation for conspiracy to commit tax evasion is:

| | | |
|---|---|---|
| 2T4.1(h) | Tax loss of more than $400,000 | 20 |
| 2T1.1(b)(1) | More than $10,000 of unreported criminal income | 2 |
| 2T1.1(b)(2) | Sophisticated means | 2 |

Thus, under § 3D1.4, the difference between the highest offense level group and the tax object calculation results in no change to the overall offense level.

2

| | | |
|---|---|---|
| 2C1.8(b)(4) | 30 or more illegal transactions | 2 |
| 3B1.1(a) | Organizer or leader of a criminal activity involving five or more participants | 4 |

c) The parties reserve the right to argue whether a two-point adjustment under § 2C1.8(b)(3) applies.

d) No other offense characteristics, cross references, or adjustments for role in the offense apply to Count Three.

<u>Grouping Rules</u>

a) Under the principles of § 3D1.2, the two groups of conduct consisting of Counts One, Two, and Four and Count Three do not group with each other.

b) The combined offense level for these two groups of conduct will, therefore, be determined by applying the principles of § 3D1.4.

<u>Acceptance of Responsibility</u>

The applicability of a downward adjustment for acceptance of responsibility is governed by Paragraph 10 of this agreement.

<u>Upward or Downward Departures</u>

a) The applicability of a downward departure under § 5K1.1 is governed by Paragraph 11 of this agreement.

b) Other than what is addressed in Paragraph 11, the parties agree that no upward or downward departures apply.

<u>Other Considerations</u>

Mr. Wade and the government agree that the applicable guideline range for the offenses Mr. Wade will plead guilty to, assuming the conditions set forth in paragraph 10 are met, is 108 to 135 months. In the event that this plea offer is either not accepted by Mr. Wade or is accepted by Mr. Wade but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4.  **Financial Arrangements**: Mr. Wade agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $400.00, to cover the special assessment, as required

3

in 18 U.S.C. § 3013. Mr. Wade also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Cooperation:** Mr. Wade agrees to cooperate completely, candidly, and truthfully in any investigation by the United States Attorney's Office for the District of Columbia, the United States Attorney's Office for the Southern District of California, other entities of the United States Department of Justice, and law-enforcement agencies. Specifically, Mr. Wade agrees:

> A. To continue to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation, including financial records and tax returns;
>
> B. To continue to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;
>
> C. To continue to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;
>
> D. Not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;
>
> E. To comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide; and
>
> F. To answer, at trial, before the grand jury, or at any hearing arising out of an investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly.

The United States and Mr. Wade hereby agree that since Mr. Wade has agreed to cooperate and has cooperated with the United States, information provided by Mr. Wade shall not be held against him for purposes of calculating his sentence, pursuant to (see Sentencing Guidelines Section 1B1.8), and will not otherwise be used against him, except as follows:

a. information that was known to the United States prior to the date this plea agreement was agreed to by Mr. Wade may be used directly and indirectly against Mr. Wade in any criminal proceeding;

b. in a prosecution for perjury or giving a false statement pursuant to this agreement, statements made by Mr. Wade as part of his cooperation may be used directly and indirectly against

him; and

    c. if there is a breach of this agreement by Mr. Wade, as determined under the provisions of this agreement. In the event of such a breach, as set forth in Paragraph 13 below, the United States retains the right to use any information provided by Mr. Wade directly and indirectly at any subsequent proceeding.

  6. **Waiver of Rights:** Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Wade expressly warrants that he has discussed these rules with his counsel and understands them. Mr. Wade voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410. Mr. Wade understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

  7. **Reservation of Allocution:** Other than what is specifically provided for elsewhere in this plea agreement, the United States and Mr. Wade reserve their full rights of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of their evidence with respect to the Mr. Wade's criminal activities and the nature, timing and extent of Mr. Wade's cooperation.

  8. The United States and Mr. Wade reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

  9. If, in this plea agreement, the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

  10. **Government Concessions:** In exchange for his guilty plea, the government agrees that:

a) it will not oppose Mr. Wade's release pending sentencing;

b) provided that Mr. Wade continues to show his acceptance of responsibility by: (i) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (ii) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (iii) complying with the other provisions of this agreement; and (iv) abiding by the conditions set for his release by the Court, it will not oppose Mr. Wade's voluntary surrender to commence serving any sentence which is imposed and will not oppose

a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; and

c) also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Wade for any conduct described in the Statement of Offenses or otherwise disclosed by Mr. Wade or known to the United States as of the date of this agreement. This agreement not to prosecute Mr. Wade does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Wade.

11. **Assessment of defendant's cooperation:** At the time of Mr. Wade's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mr. Wade to the United States, including cooperation provided to all entities of the Department of Justice and law enforcement agencies. If the government determines that Mr. Wade has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then the government will file a motion pursuant to § 5K1.1 of the Sentencing Guidelines. Mr. Wade understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the government. Mr. Wade further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

12. **Court is not bound:** Mr. Wade understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

13. **Breach of Agreement:** Mr. Wade agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Wade's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court – the United States is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Wade will not have the right to withdraw the guilty plea; (c) Mr. Wade shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Wade, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

14. **USAO-D.C. and USAO-S.D.Cal. bound:** Mr. Wade understands that this agreement is binding only upon the Criminal Divisions of the United States Attorney's Offices for the District of Columbia and the Southern District of California. This agreement does not bind the Civil Division of either Office or any other United States Attorney's Office. Nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Wade.

15. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Wade, Mr. Wade's counsel and the government.

If the foregoing terms and conditions are satisfactory, Mr. Wade may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Wade and his counsel.

Sincerely yours,

_Kenneth L. Wainstein /JR_
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY FOR THE
DISTRICT OF COLUMBIA

_Carol C. Lam /JR_
CAROL C. LAM
UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

By: _Howard R. Sklamberg_
HOWARD R. SKLAMBERG
JOHN P. CARLIN
Assistant United States Attorneys
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, DC 20001

I have read this plea agreement and have discussed it with my attorney Howard M. Shapiro, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and

of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorneys in connection with this plea agreement and matters related to it.

Date: 2/23/06

_____
MITCHELL J. WADE
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 2/23/06

_____
HOWARD M. SHAPIRO, Esquire
RONALD C. MACHEN, Esquire
Attorney for the Defendant